UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT
JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND
COURTHOUSE
2 FEDERAL SQUARE, ROOM 417
NEWARK, NJ 07102
973-297-4851

May 25, 2017

### LETTER OPINION

Re:  Roberts v. Sivilli, *et al.*
     Civil Action No. 17-3127

Dear Litigants:

The Court is in receipt of Plaintiffs Rolando Roberts ("Roberts") and Urban State Foreign Limited Liability Partnership's ("Urban State") Complaint, and Roberts' application to proceed without prepayment of fees or costs in this matter under 28 U.S.C. § 1915. D.E. 1.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). At the outset, Roberts sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.[1]

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. Section 1915(e)(2). "A complaint is frivolous if it 'lacks an arguable basis either in law or in fact.'" *Okpor v. Sedgwick CMS*, No. 12-6521, 2013 WL 1145041, at *1 (D.N.J. Mar. 18, 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). And when considering

---

[1] The Court considers the *in forma pauperis* application to Roberts only. Urban State, as a corporate entity, may not be granted *in forma pauperis* status. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (concluding that Congress intended 28 U.S.C. § 1915 to confer *in forma pauperis* status to natural persons only, and not to corporate entities); *Gimenez v. Morgan Stanley D.W., Inc.*, No. 06-752, 2006 WL 680977, at *1 (D.N.J. Mar. 15, 2006) (stating that "a corporation is not eligible for *in forma pauperis* status"). Therefore, if Urban State wishes to participate in this matter, it must pay the filing fee, and for the reasons discussed below, retain counsel to represent it.

dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012).

In addition, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (quoting *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir.1981)). If subject matter jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). A federal court has jurisdiction in a civil case if either a federal question is presented or if the parties are completely diverse and the attendant monetary threshold is satisfied. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Because Roberts is proceeding *pro se*,[2] the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997)).

The facts of this matter, which are not entirely clear to the Court, are derived from the Complaint. Roberts alleges that on March 25, 2015, he was arrested in Irvington, New Jersey on charges relating to possession and intent to distribute cocaine and heroin. D.E. 1 at 2. Roberts alleges that the arresting officer tampered with the evidence in a way that would benefit the State's prosecution against him. *Id.* Roberts states that he is "presently in the middle of trial with a motion pending in the Appellate Division of New Jersey." *Id.* Roberts claims that the "State of New Jersey is refusing to hear the motion which is causing the Plaintiff to be kidnapped in the jurisdiction of New Jersey." *Id.* at 3. Roberts alleges that "the record is clear that he is not in the jurisdiction of the State of New Jersey" and that "the matter at hand only deals with jurisdiction and if jurisdiction is not established the State will be held liable for fraud." *Id.* Roberts claims that "the State of New Jersey must dismiss the case because [it] lack[s] jurisdiction and without a contract the State is held liable." *Id.* at 11. In short, Roberts appears to be alleging that the New Jersey State Court where his criminal charges are being prosecuted is without jurisdiction to do so.

The Complaint is deficient in five respects.

First, Roberts has not set forth a basis for the Court's subject matter jurisdiction. "Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under

---

[2] In Roberts' application to proceed *in forma pauperis*, he states that he is obligated to "pay for legal services to the Urban State Legal Services in the amount of $5,000.00" over a three-year period and that he has "no idea how [he is] going to pay but it [is] an obligation." D.E. 1-1 at 3. On the first page of the application is the name "Jonathan B Hunter, Urban State Attorney at law" and an address that is the same as co-Plaintiff Urban State's address. Moreover, on the bottom of each page of the *in forma pauperis* application is the name "Thomas Verrastro, Lawyer of Record." None of these attorneys have made an appearance on the record, and therefore the Court will proceed as though Roberts is *pro se*.

2

28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] claim arises under federal law if federal law creates the cause of action." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 706 (2006) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010).

Here, the Complaint fails to set forth facts to support federal question jurisdiction. Roberts does not identify how the Complaint raises an issue arising under federal law. Even when viewing the Complaint liberally, the Court is unable to ascertain a violation of a federal right that would create federal question jurisdiction. In short, the nature of the cause of action pursued by Roberts is unclear, and thus, the Court is unable to ascertain whether the Complaint alleges a violation of the Constitution or a federal statute.

Additionally, the Complaint fails to establish diversity jurisdiction. According to the complaint, Roberts lives in New Jersey and Urban State has a New Jersey P.O. box address. The address listed for the Defendants is in New Jersey as well. Accordingly, there does not appear to be diversity of citizenship between Plaintiffs and Defendants. *See* 28 U.S.C. § 1332 (stating that diversity of citizenship requires plaintiffs and defendants to be citizens of different states). For those reasons, the Court concludes that it lacks subject matter jurisdiction based on the allegations in the Complaint.

Second, the *Rooker-Feldman* doctrine bars this Court from presiding over Roberts claims. "*Rooker–Feldman* applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). "A federal district court does not sit to hear appeals from state court judgments. *Rooker-Feldman* operates to prevent a disgruntled party in state court litigation from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error." *Otto v. Wells Fargo Bank, N.A.*, No. 15-8240, 2016 WL 8677313, at *3 (D.N.J. July 15, 2016). Here, the entire basis of the Complaint pertains to state-court decisions that Roberts does not agree with. Pursuant to the *Rooker-Feldman* doctrine, this Court is not the appropriate forum to hear those disputes. Therefore, the Complaint is barred by the *Rooker-Feldman* doctrine.

Third, Roberts does not demonstrate why Defendants the Honorable Nancy Sivilli, J.S.C. and "Tony Gutier[r]ez, Prosecutor" are not immune from liability for actions taken in their official capacities.[3] "As a general rule, judges acting in their judicial capacity are absolutely immune (in

---

[3] The Court notes that aside from naming Judge Sivilli and Gutierrez as defendants in the caption, there are no particularized allegations in the Complaint about them. Putting aside the immunity issues, the Complaint also fails to plausibly plead any allegations concerning Judge Sivilli or Gutierrez.

both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity." *Ingram v. Township of Deptford*, 858 F. Supp. 2d 386, 390 (D.N.J. 2012). The limited exceptions to judicial immunity apply "only for actions not taken in a judicial capacity . . . or for actions taken in a complete absence of all jurisdiction." *Id.* (citation omitted). Additionally, "prosecutors have absolute immunity from civil liability for their conduct in their role as prosecutors." *Newsome v. City of Newark*, No. 13-06234, 2014 WL 4798783, at *2 (D.N.J. Sept. 25, 2014). Here, Roberts pleads no facts indicating why Defendants acting in their official capacities are not entitled to immunity. Therefore, the Complaint is barred by the doctrines of judicial and prosecutorial immunity.

Fourth, Roberts fails to state a claim upon which relief can be granted. Roberts does not identify what legal theory they are proceeding under. The Complaint alleges that the state court where Roberts is being prosecuted lacks jurisdiction to do so. The Court is unaware of any viable cause of action arising under the facts as alleged that is appropriate to be heard in federal court. Accordingly, the Complaint fails to state a claim for which relief can be granted.

Finally, Plaintiff Urban State, may not proceed in this matter without being represented by counsel. The statute governing appearances in federal court is 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The United States Supreme Court has interpreted 28 U.S.C. § 1654 to mean that "a corporation may appear in the federal courts only through licensed counsel," *Rowland v. California Mens Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993), which the Court has found also "applies equally to all artificial entities," *id.* Here, no attorney has made an appearance on behalf of Urban State. Urban State may not proceed *pro se* and must obtain counsel to participate in this matter. Accordingly, Urban State is dismissed without prejudice.

In conclusion, the Court grants Roberts' application to proceed *in forma pauperis*. The Court dismisses the Complaint without prejudice. Roberts shall have forty-five (45) days to file an amended complaint, if he intends to do so. If Roberts fails to file an amended complaint that plausibly states a claim within forty-five days, the Court will dismiss the Complaint with prejudice. This means that the case is closed and Roberts may not re-file another complaint against the named Defendants based on the allegations raised in this case. Additionally, if Urban State wishes to participate in this matter, counsel must file a notice of appearance on its behalf and file an amended complaint within forty-five (45) days of this Opinion. Failure to do so will result in Urban State being dismissed with prejudice. This means that Urban State will permanently be unable to participate in this case. An appropriate Order accompanies this Opinion.

John Michael Vazquez, U.S.D.J.